# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3438

_____

| | | |
|---|---|---|
| John Q. Hammons Hotels, Inc.; | * | |
| Winegardner & Hammons, Inc.; | * | |
| John Q. Hammons Hotels, L.P.; | * | |
| John Q. Hammons Hotels Two, L.P., | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Factory Mutual Insurance Company; | * | District Court for the Western |
| St. Paul Fire and Marine Insurance | * | District of Missouri. |
| Company, | * | |
| | * | [UNPUBLISHED] |
| Appellees. | * | |
| _____ | * | |
| | * | |
| Complex Insurance Claims Litigation | * | |
| Association, | * | |
| | * | |
| Amicus on Behalf | * | |
| of Appellees. | * | |

_____

Submitted: September 14, 2004
Filed: September 20, 2004

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and FAGG, Circuit Judges.

_____

PER CURIAM.

John Q. Hammons Hotels, Inc. and other Hammons hotel entities (collectively Hammons) brought this diversity action seeking recovery for water intrusion-related damages to three of its hotels under three property insurance policies issued by Factory Mutual Insurance Company and St. Paul Fire and Marine Insurance Company. The district court[*] granted summary judgment to the insurance companies, concluding Hammons knew of the water damage in each of the hotels long before the policies took effect and failed to provide timely notice to the insurers. Hammons appeals. Reviewing the grant of summary judgment de novo, Ostrander v. Duggan, 341 F.3d 745, 748 (8th Cir. 2003), we affirm.

Hammons first contends it did not know it had sustained losses before the insurance policies became effective. The district court properly granted summary judgment to the insurers because it is undisputed that Hammons knew of appreciable water-related damages before the insurance coverage began. United Capitol Ins. Co. v. Hoodco, Inc., 974 S.W.2d 572, 574-75 (Mo. Ct. App. 1998) (insurer cannot insure against loss that is known or apparent to insured); Prudential-LMI Commercial Ins. v. Superior Court, 798 P.2d 1230, 1244 n.7 (Cal. 1990). Indeed, Hammons unsuccessfully attempted to stop the water intrusion long before Hammons obtained the policies in this case. The district court properly rejected the opinion affidavits from Hammons's paid consultant stating Hammons could not have known of the damages before the policies went into effect because the affidavits contradict undisputed earlier sworn testimony of Hammons's employees. Willard v. BIC Corp., 788 F. Supp. 1059, 1065 (W.D. Mo. 1991). The fact that Hammons may not have known the precise cause of the water damage is not relevant because Hammons knew of the loss. Prudential LMI, 798 P.2d at 1238. Further, given that Hammon knew of the loss before the contract period and the loss continued into the contract period, the continuous damage is not covered by the insurance contracts in this case. In other

[*]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

words, as the district court held, the claims were not fortuitous and thus not covered under the policies.  Also, the district court correctly applied the manifestation trigger rule rather than the continuous trigger rule.  Id. at 1246-47.

Whether discussed or not, we have carefully considered all of Hammons's arguments and having done so, we affirm the district court's grant of summary judgment to the insurers.

_____